STATE OF MONTANA, RESPONDENT, *v.* BROADBENT, APPELLANT.

[Submitted April 26, 1897. Decided May 3, 1897.]

*Assault and Battery—Evidence—Information—Intent—Instructions.*

ASSAULT AND BATTERY—*Evidence.*—A verdict of guilty of assault and battery in the second degree, is justified where it appears from the record that a witness named Edwards testified that, at the time and place mentioned in the information, he saw defendant, with a whip in his hand, dragging upon the ground in an unconscious condition, one Plum, the person upon whom the assault is alleged to have been committed, —that witness asked the defendant what the trouble was, that defendant answered, "he called me a son of a bitch, and I hit him, I won't take that from anybody," that witness then said "I guess you have fixed him. I guess you won't have to take it off old Dick any more,"—and defendant replied. "I did not hit him very hard. He will be all right in a little while"—although another witness testified that he was with defendant at the time, did not see a whip in his hand, and did not see him drag Plum. Plum testified that he was struck from behind and was rendered unconscious, so he did not know who struck the blow.

INFORMATION—*Intent.*—It is not necessary to allege, in an information for an assault and battery in the second degree as defined in subdivision 4, section 401 of the Penal Code, that "the assault was committed with the intent to inflict grievous bodily harm;" because the statute does not include the word "intent" in defining the crime.

INSTRUCTIONS.—Where the "intent" is not made a part of the definition of the crime of

assault and battery in the second degree, it is not error to refuse the request to instruct the jury that the assault must have been made "with the intent to inflict grievous bodily injury."

SAME.—Where the instructions given by the court are correct, the verdict will not be disturbed because the instructions are not full enough, unless the court, upon request, refused to instruct more fully.

ARRAIGNMENT.—A motion in arrest of judgment on the grounds that defendant was not arraigned, and that no copy of the information with indorsement thereon including names of witnesses was ever delivered to him, is properly denied, when the record shows that defendant was personally present in court, and was arraigned and counsel appointed for him, and that he waived time allowed by statute, and thereupon entered his plea of "not guilty."

*Appeal from District Court, Gallatin County. F. K. Armstrong, Judge.*

JOHN BROADBENT was convicted of assault in the second degree, and he appeals.    Affirmed.

Statement of the case by the justice delivering the opinion.

On the 6th day of April, 1896, the defendant in this case, John Broadbent, was convicted of assault in the second degree in the district court of Gallatin county, and on the 18th day of said month judgment was rendered in said court against the defendant, by which he was sentenced to imprisonment in the penitentiary for one year.

The information in the case is as follows :

"W. L. Holloway, county attorney for the county of Gallatin, in the state of Montana, who prosecutes in the name and on behalf and by authority of the state of Montana, comes now here into court, and gives the said district court to understand and be informed by this information that the above-named John Broadbent is guilty of the crime of assault in the second degree, committed as follows; that is to say :

"That the said John Broadbent, late of said county and state, on Thursday the 20th day of February, 1896, at the county of Gallatin and state of Montana, then and there, by some means to this informant unknown, in and upon one Byron Plum, then and there being, unlawfully, feloniously, willfully, and wrongfully did make an assault, and then and there, with some means unknown to this informant, did beat and bruise him, the said Byron Plum, thereby, by means aforesaid, in

and upon the head of him, the said Byron Plum, unlawfully, feloniously, willfully, and wrongfully did inflict grievous bodily harm; against the peace and dignity of the state of Montana, and contrary to the form, force, and effect of the statute of said state in such case made and provided.''

At the close of the testimony on the part of the state, counsel for defendant moved the court for a nonsuit, for the following reasons:

(1) ''That the information does not state facts sufficient to constitute a public offense.''

(2) ''There is not sufficient testimony by the plaintiff to warrant a conviction of the defendant at the hands of the jury.''

(3) ''That the court has no jurisdiction of the defendant in this case, in that he has never been arraigned in accordance with the laws of the state of Montana.''

This motion was overruled by the court. The defendant offered no evidence. The jury returned a verdict of guilty against the defendant of assault in the second degree, in manner and form as charged in the information. After the verdict the defendant filed a motion in arrest of judgment on the grounds:

(1) ''That the information in the said cause does not state facts sufficient to constitute a public offense.''

(2) ''The court has no jurisdiction to try and determine the said matter, for the following reasons:

(a) ''The defendant has never been arraigned in accordance with section 1893 of the Penal Code of the State of Montana, and that no copy of the information in said cause, with the endorsements thereon, including the lists of witnesses, was ever delivered to the defendant at any time, nor anything purporting to be a copy.

(b) ''That, at the time said cause was tried, the regular panel of jurors for the term of the court at which the defendant was tried, was incomplete in this: that the name of one Elza Copple was called as a juror to sit in the trial of the said cause, and said juror was not in attendance upon the said court.

"And, further, in this: That before the completion of the selection of jurors for the trial of the said cause, the court excused from the regular jury panel for the said term of court, on the ground of his being an incompetent juror, Carl Topel, and also George Gordes, and, by reason of the said persons being so excused, the panel of the said jury consisted of only twenty-one men."

The court overruled the motion in arrest of judgment. The defendant appeals from an order overruling a motion for a new trial, and from the judgment.

*Luce & Luce*, for Appellant.

*C. B. Nolan*, Attorney General, for the State.

PEMBERTON, C. J.—There are several errors assigned in this record. The counsel for the appellant contends that there was no arraignment of the defendant, or plea to the information by him in the court below.

This contention is not supported by the record, for it appears therefrom that the defendant was personally present in court, and was arraigned; that counsel was appointed for him; that he was ordered admitted to bail in the sum of $500, and, having waived the statutory time to plead, entered his plea of not guilty. In the face of this record we see no support for this assignment of error.

Counsel for appellant contends that the evidence is insufficient to support the verdict.

There is but little real conflict in the evidence. Witness Edwards testifies that he saw from a little distance the defendant, with a good-sized whipstock in his hand, dragging Plum around on the ground. He did not see defendant strike Plum, but when he got to where the parties were he asked what the trouble was. "The defendant said: 'He called me a son of a bitch, and I hit him. I won't take that off from anybody.' I said to defendant: 'I guess you have fixed him. I guess you won't have to take it off old Dick any more.' Defendant said: 'I did not hit him very hard. He will be

all right in a little while.' " All this time Plum was lying on the ground unconscious. Plum is an old man. The defendant is a young man. Plum says he was walking along a pathway near the house, when he was knocked down by some one that he did not see, and that the blow rendered him unconscious for some time; he did not know how long; that when he came to his senses Edwards was there. Plum had a bruise on his cheek, and a wound on the back of his head about four inches long, from which oozed blood and bloody water. He did not get over the effects of this wound for some weeks. A man named Ritchie, who came with the defendant and went away with him, testifies that he did not see the whip in defendant's hand, and did not see him drag Plum, nor any evidence of the dragging. But this does not really contradict Edwards. He swears that he did not see some things that Edwards swore to. That is all. Both witnesses may be telling the truth. We think the evidence, upon the whole, fully supports the verdict.

Counsel for appellant contends that the information will not support the judgment in the case, and claims that the information only charges an assault in the third degree.

This question was not raised in any manner in the lower court. It seems that the principal ground for this contention is that the information does not charge that the assault was committed by the defendant with the intent to inflict grievous bodily harm upon Plum. Under subdivision 3, § 401, Penal Code, every person is guilty of an assault in the second degree who "willfully or wrongfully wounds, or inflicts grievous bodily harm upon another, either with or without a weapon." The specific intent to wound or inflict grievous bodily harm upon another by the assault is not an ingredient of the offense by the statute. The statutory offense consists in willfully or wrongfully wounding or inflicting grievous bodily harm upon another. It is true that a criminal intent must be alleged in some way. But must it, under this statute, be specifically alleged? It is alleged in the information that the defendant "unlawfully, feloniously, willfully, and wrongfully did inflict grievous bodily harm" upon Plum. In Bishop's New Crim-

inal Procedure (subdivision 3, § 521, vol. 1), we find the rule
thus stated:

"The evil intent, being an element in every crime, must
always be in some way alleged.    Direct words, varying with
the case, are required where it is in a form special to the par-
ticular offense, or where it is an affirmative item in the charge;
but where, in the nature of the individual case, it is a part of
the acts alleged, it need not be separately stated.    The joint
intent and act need simply be so set down as, on the whole, to
show a *prima facie* crime."

The same author (in section 523, vol. 1) says:    Generally,
"the rule is that, if the statute creating an offense is silent
concerning the intent, nothing of the intent need appear in
averment."

We think, therefore, that the information contains a suffi-
cient allegation of intent in its general terms alleging the
offense.

Appellant contends that the instructions of the court were
erroneous, because they did not contain a charge to the jury
that they must find that the defendant committed the assault
with the intent to inflict grievous bodily injury upon Plum.
For the same reasons that we hold it unnecessary to allege
such specific intent in the information, we think it was not
error to refuse to charge the jury that they should find the
assault to have been committed with such specific intent.    We
think it was sufficient to charge the criminal intent generally.
This the court did.    And, besides, the instruction especially
complained of, for the reason that it omits reference to the
specific intent to inflict grievous bodily injury, is not one in
which the court is attempting to define the offense at all.    In
this instruction the court, in substance, tells the jury that it
is not enough that they find that the defendant assaulted Plum,
but they must also find that grievous bodily injury resulted
therefrom.    This instruction, we think, could not have been
prejudicial to the defendant.

Counsel complains that the court did not fully instruct the
jury as to the different statutory degrees of assault.

Without determining whether it was necessary for the court to instruct the jury as to the different degrees of assault or not, still we think the court did so sufficiently. The court told the jury, in substance, that they could, if the evidence warranted them in so doing, find the defendant guilty of assault in the second or third degree, after sufficiently defining the two degrees.

If the instructions were correct as far as they went, but, in the opinion of appellant, did not define the different degrees of assault as fully as appellant desired, he should have made requests to the court for fuller declarations of the law. This was not done. The record does not show that appellant asked for any instructions.

We see no error in the action of the court in overruling the appellant's motion for a nonsuit, as it is called. The motion should be called a motion or request to instruct the jury to find a verdict of not guilty. Some of the reasons for this motion are out of place, as they are rather grounds for demurrer.

The grounds for the motion in arrest of judgment are not well taken. The grounds assigned would find a more appropriate place in a demurrer to, or motion to quash, the information. And what has been said above disposes of these motions, if they had any merit.

We think the record, as a whole, discloses the fact and forces the conclusion that defendant had a fair trial on the merits of the case, and we are therefore not inclined to disturb the result.

The judgment and order appealed from are affirmed.

*Affirmed.*

HUNT and BUCK, JJ., concur.