STATE, RESPONDENT, v. NICHOLAS, APPELLANT.

(No. 3,232.)

(Submitted December 10, 1912.　Decided December 12, 1912.)

[128 Pac. 543.]

*Criminal Law—Rape—Plea of Guilty—Motion to Withdraw—Refusal—Abuse of Discretion.*

1. Defendant, charged with the crime of rape, pleaded not guilty. After the close of the state's evidence he withdrew such plea and entered one of guilty. Subsequently he filed a motion for leave to withdraw such latter plea and substitute his original plea of not guilty, alleging in his affidavit in support of the motion that it was owing to the importunities of his counsel that he changed his plea to one of guilty, and not because he was in fact guilty. Evidence reviewed and *held* that the court abused its discretion in refusing the motion.

*Appeal from District Court, Chouteau County; John W. Tattan, Judge.*

MARTIN NICHOLAS was convicted of the crime of rape and appeals from the judgment of conviction.　Reversed.

Cause submitted on brief of counsel for appellant.

*Mr. H. S. McGinley,* for Appellant.

Pleas of guilty entered by defendants after having entered a plea of not guilty, and during the progress of the trial, or after

the close of the state's case, should be received with caution by the court, and only after the defendant has been fully examined so as to ascertain whether or not he fully understands the purpose, meaning and result of such action on his part. And this is particularly true when such defendant is a foreigner whose mother tongue is other than the English language. In other words, on the tender of such a plea, the burden of proof is on the prosecution to show to the court that the plea was voluntary and the accused understood its effect. Like any other confession, it must be shown to be voluntary—that is, that it is uninfluenced by any improper inducement, and that it is not the result of a misunderstanding. (*Gardner* v. *People,* 106 Ill. 76; *Monahan* v. *State,* 135 Ind. 216, 34 N. E. 967; *State* v. *Yates,* 52 Kan. 566, 35 Pac. 209; *State* v. *Stephens,* 71 Mo. 535; 2 Wharton's Criminal Evidence, 10th ed., sec. 638, p. 1324.) "The conclusiveness of the plea is based upon its free and voluntary character, arising from a consciousness of guilt, but where it is entered from any other motive, courts should allow it to be withdrawn on request, and a plea of not guilty substituted in its place." (*People* v. *McCrory,* 41 Cal. 458; *People* v. *Walker,* 250 Ill. 427, 95 N. E. 475; *Williams* v. *Commonwealth,* 25 Ky. Law Rep. 2041, 80 S. W. 173.)

No appearance on behalf of Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

On the 13th day of December, 1911, about 6:30 P. M., the defendant called at the home of the prosecuting witness, near Chinook, and asked her mother if he might stay all night. Permission being given, about 9 o'clock all retired. The father and mother of the prosecutrix occupied one room, the defendant another, and prosecutrix and her eight year old sister a third, all on the same floor. An hour or so later the mother went into her daughter's room and found her and the defendant occupying the former's bed. The defendant thereupon arose from the bed and sat upon its edge. The mother was obliged to call the daughter's name three times before the latter an-

swered, and then in reply to the inquiry, "Why did you not answer me before?" she said she was too weak and dazed to do so. She made no complaint of having been forcibly ravished and did not admit that defendant had intercourse with her, until her father came into the room and asked her the direct ques- tion. · She was twenty years of age. Her small sister was not disturbed or awakened. The mother heard, or thought she heard, noises in her daughter's room for at least twenty minutes before she went in to ascertain the cause. The prosecutrix tes- tified that when the defendant first came to her bed she arose to her knees but he turned her over on to her back and held her to his breast so that she was unable to make an outcry. During the act of intercourse one of her legs was out of bed and she could not reach her sister with the other to awaken her. The forego- ing is a brief summary of the testimony of the daughter and mother.

At the close of the state's case the defendant withdrew his plea of "not guilty" and entered a plea of guilty. On the [1] 18th day of April, 1912, he filed a motion for leave to withdraw his plea of guilty and enter a plea of not guilty and have a trial by jury, supporting the motion by an affidavit wherein he set forth that he was advised by his counsel to plead guilty, the latter stating that he would get a light sentence if he did so, otherwise he would get forty years. He stated to the attorney "that he would not plead guilty because he was not guilty," whereupon he was told that the evidence was very strong against him and "the jury have got it into their heads that you are guilty and you can never change it for them and you are liable to get life for it." He filed an affidavit of merits. The attorney was summoned by the court to give evidence, and he also filed an affidavit wherein he admitted he advised his client the evidence of the state was very strong against him; that "he believed if he would plead guilty and throw himself upon the mercy of the court, the court would give him a lighter sen- tence than if he should continue in his defense; that the defend- ant replied he would not plead guilty because he was not guilty; that counsel informed him that he had no evidence to controvert

that of the state except his own character witnesses, he could not change the evidence as produced before the jury and that evidence was very strong against him, and affiant again asked him to change his plea, as otherwise he might get a severer sentence, which might cover his natural life, and did advise him that the jurors thought him guilty and his testimony could not change their belief.'' The court overruled the motion, sentenced the defendant to serve twenty years in the penitentiary, and entered a judgment of conviction. Defendant appeals from the judgment.

In view of the showing made and the character of the state's evidence, we think the court abused its discretion in refusing to grant the motion. The writer of this is of opinion that the state wholly failed to make out a case of rape and the information should be dismissed. No good purpose would be served by discussing or commenting upon the evidence. The Chief Justice is inclined to think the cause ought not to be finally disposed of upon this appeal from the judgment. Mr. Justice Holloway is of opinion the defendant should have simply the relief prayed for.

The decision of the court is that the judgment be, and the same is hereby, reversed and set aside, with directions to the district court to allow the defendant to withdraw his plea of guilty and enter a plea of not guilty.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.