STATE, RESPONDENT, *v.* DOW, APPELLANT.

(No. 5,480.)

(Submitted September 10, 1924. Decided October 1, 1924.)

[229 Pac. 402.]

*Intoxicating Liquors—Illegal Transportation — Information—
Sufficiency—Criminal Law—Conditional Pleas Unauthorized
—Attorney and Client—Unauthorized Plea of Guilty—Vaca-
tion of Judgment.*

Intoxicating Liquors—Illegal Transportation—Information—Sufficiency.
1. Neither the time of day, the means of conveyance, the particular brand of liquor transported nor the termini of the route over which it is carried are made constituent elements of the completed offense of illegal transportation, and therefore an information charging that crime is sufficient without allegations to that effect.

Same—Information—Alleged Insufficiency—Effect of Failure to Apply for Bill of Particulars.
2. Where defendant in a prosecution for a violation of the liquor law deems the information insufficient as to certain details he may, under section 11078, Revised Codes of 1921, apply for a bill of particulars; his failure to do so, the pleading being otherwise sufficient, bars him from raising the question on appeal.

Criminal Law—Conditional Pleas not Authorized.
3. *Held,* that since the Codes make no provision permitting one charged with a criminal offense to enter a conditional plea to the effect that he pleads guilty provided the punishment imposed be not greater than that designated, the court has no authority to receive such a plea and its entry is a nullity.

Attorney and Client—Nature of Relation.
4. The rules of law applicable to principal and agent are generally applicable to the relation of client and attorney, and therefore the client is not bound by the acts of his attorney which exceed the scope of his authority, express or implied.

Criminal Law—Pleas—Unauthorized Act of Attorney—Duty of Court to Set Aside Judgment.
5. Where defendant had entered a plea of guilty to the charge of illegal transportation of intoxicating liquor, and later authorized his attorney to withdraw that plea and enter one of guilty on condition that the district judge would agree to the imposition of a certain fine with the jail sentence suspended, and the attorney entered an unconditional plea, of guilty, he exceeded his authority and the court, under section 8994, Revised Codes of 1921, erred in refusing to set aside the judgment pronounced on the latter plea.

*Appeal from District Court, Yellowstone County; Robert C.
Stong, Judge.*

FRED DOW was convicted of transporting intoxicating liquors. From the judgment and an order denying his motion to set it aside, defendant appeals. Reversed and remanded, with directions.

*Messrs. Grimstad & Brown,* for Appellant, submitted a brief; *Mr. O. K. Grimstad* argued the cause orally.

The information does not state facts sufficient to constitute a public offense. The state should have alleged what kind of liquor was being transported and in what manner it was being transported, whether by automobile or otherwise, and if by automobile the kind of automobile. The defendant might be acquitted of transporting liquor on a trial, based upon this information, and he might be immediately informed against for transporting liquor upon the same day; in other words, a second information could be filed stating the same identical facts, word for word, as alleged in the information on file here, even though he had been acquitted or convicted upon a prior information. (*Fletcher* v. *State,* 2 Okl. Cr. 300, 23 L. R. A. (n. s.) 581, 101 Pac. 599; *Fehringer* v. *People,* 59 Colo. 3, 147 Pac. 361; *Earp* v. *State,* 20 Ariz. 569, 184 Pac. 942; *State* v. *Smith,* 25 Idaho, 541, 138 Pac. 1107; *Williams* v. *State,* 188 Ind. 383, 123 N. E. 209; *State* v. *Hem* (Mont.), 220 Pac. 80; *People* v. *Webber,* 138 Cal. 145, 70 Pac. 1089; *United States* v. *Hess,* 134 U. S. 483, 31 L. Ed. 516, 8 Sup. Ct. Rep. 571 [see, also, Rose's U. S. Notes].)

The court erred in overruling defendant's motion to have the judgment of conviction set aside and to permit the defendant to change his plea of guilty to not guilty. Under circumstances such as are here disclosed, the courts are unanimous in holding that the defendant is entitled to what is known in some jurisdictions as a writ of error *coram nobis,* but which under the modern practice is simply a motion to set the judgment aside. (*Linton* v. *State,* 72 Ark. 532, 81 S. W. 608; *Sanders* v. *State,* 85 Ind. 318; *Dobbs et al.* v. *State,* 62 Kan. 108, 61 Pac. 408; *State* v. *Richardson,* 291 Mo. 566, 237 S. W.

765; *Ernst* v. *State,* 179 Wis. 646, 192 N. W. 65; *Alexander* v. *State,* 20 Wyo. 241, Ann. Cas. 1915A, 1282, 123 Pac. 68; *People* v. *Walker,* 250 Ill. 427, 95 N. E. 475; *People* v. *Perez* (Cal.), 98 Pac. 870; *State* v. *Allen,* 41 Wash. 62, 82 Pac. 1036; *Polk* v. *State* (Okl. Cr.), 224 Pac. 194.)

It has been held that the withdrawal of a plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place, and that the least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient cause to permit a change of plea from guilty to not guilty. (*State* v. *Williams,* 45 La. Ann. 1356, 14 South. 32.) A plea of guilty should be permitted to be withdrawn where it has been entered by mistake. (*State* v. *Williams, supra; Regina* v. *Clouter,* 8 Cox C. C. 237; *State* v. *Coston,* 113 La. 717, 37 South. 619.) A plea of guilty should be permitted to be withdrawn where it has been entered under a total misapprehension of defendant's rights through official misrepresentation or fraud. (*Swang* v. *State,* 2 Cold. (Tenn.) 212; *Commonwealth* v. *Garrity,* 1 Lack. Leg. Rec. (Pa.) 430.)

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. A. Foot,* Assistant Attorney General, for the State, submitted a brief; *Mr. C. N. Davidson,* Assistant Attorney General, argued the cause orally.

An indictment charging the transportation of intoxicating liquor has been held sufficient without alleging the attendant circumstances. (*Cole* v. *Commonwealth,* 201 Ky. 543, 257 S. W. 713; see, also, *Benson* v. *State,* 95 Tex. Cr. 311, 254 S. W. 793; *Pope* v. *State,* 149 Tenn. 176, 258 S. W. 775; *State* v. *Greening,* 129 Tenn. 619, 167 S. W. 867.)

The court committed no error in refusing to set aside the judgment and permitting the appellant to change his plea of guilty to that of not guilty. It is apparent from the affidavits that appellant was not in ignorance of his rights and of

the consequences of his act in authorizing a plea of guilty to be entered. There is nothing in his motion to withdraw his plea of guilty, or in the affidavits in support of it, to indicate that the appellant was influenced unduly or improperly by either fear or hope. Nor does it appear in the motion, nor in either of the affidavits of appellant, that he is not guilty of the offense charged. (See *People* v. *Kleist,* 311 Ill. 179, 142 N. E. 486; *Miller* v. *State,* 160 Ark. 245, 254 S. W. 487; *People* v. *Bonheim,* 307 Ill. 316, 138 N. E. 627; *People* v. *Miller,* 114 Cal. 10, 45 Pac. 986, 987; *State* v. *Lindskog,* 127 Wash. 647, 221 Pac. 582; *Carr* v. *State* (Ind.), 142 N. E. 378; *People* v. *Brown,* 38 Cal. App. 36, 175 Pac. 85; *State* v. *Yates,* 52 Kan. 556, 35 Pac. 209; *Mastronade* v. *State,* 60 Miss. 86.)

MR. JUSTICE STARK delivered the opinion of the court.

On December 24, 1923, an information was filed in the district court of Yellowstone county charging the defendant in this action with the crime of transporting intoxicating liquor. On the same day the defendant, with his counsel, Grimstad & Brown and H. C. Crippen, appeared in open court, and, after being arraigned, entered a plea of not guilty. Thereafter the case was set down for trial on January 9, 1924, but by reason of the illness of the defendant two continuances were granted, and the same finally set down for trial on January 26, 1924. The record shows that during this time the defendant was confined in St. Vincent's Hospital, in Billings, under the care of Dr. Hanley.

On the afternoon of January 19 Charles A. Taylor, an attorney, without having consulted either Grimstad & Brown or Mr. Crippen, appeared before Robert C. Stong, one of the judges of the above court, at his chambers in the courthouse, and arranged to withdraw defendant's former plea of not guilty and to enter a plea of guilty instead. Thereupon Judge Stong, the county attorney, and Taylor repaired to the courtroom; Taylor entered his appearance as counsel for defendant, withdrew defendant's plea of not guilty, entered a plea of

guilty, waived time for sentence and demanded that sentence be pronounced at once. The court then pronounced its judgment that defendant pay a fine of $700 and be imprisoned in the county jail for a period of sixty days, and in default of payment of said fine that he be confined in the county jail of Yellowstone county until the same was fully satisfied, not to exceed one day for each two dollars of said fine.

On January 24, 1924, the said attorney, Charles A. Taylor, made a motion to set aside the judgment entered on January 19 and to permit him to withdraw the plea of guilty so entered and to enter a plea of not guilty in lieu thereof. This motion was based upon an affidavit of the defendant, verified by him on January 21, which recited in substance that he had a conference with said Taylor at his room in the hospital on the afternoon of January 19, in which the charge pending against him was discussed, and as a result of which defendant authorized Taylor to appear in said case and change his plea from not guilty to guilty only upon the condition that the judge should agree to impose a penalty of not to exceed a fine of $300 and a jail sentence of not exceeding sixty days. This motion was heard by the court and denied on January 26.

Thereafter on February 1, 1924, defendant by his regularly employed counsel, Messrs. Grimstad & Brown, filed with the court a motion for leave to reopen the motion filed on January 24 for the purpose of permitting him to present further affidavits and evidence; that said judgment and sentence be set aside; that he be permitted to withdraw the plea of guilty and enter a plea of not guilty to the information filed against him. This motion was based upon all the records and files in the case, and upon the affidavits of Fred Dow, Steffie Dow, his wife, Charles A. Taylor and O. King Grimstad.

Fred Dow's affidavit sets out at greater detail the circumstances connected with his authorizing Taylor to appear for him in this action and the extent of his authority. He says that he was taken to the hospital prior to January 9, and had been sick in bed under the care of a doctor ever since; that

on January 19 Taylor came to see him at the hospital, and said that he (Taylor) could get a judgment or sentence in this case of not to exceed $300 and sixty days in jail, with jail sentence suspended, if defendant would permit Taylor to see Judge Stong, the judge before whom the case was pending; that he told Taylor that Grimstad & Brown and H. C. Crippen were his attorneys, and that nothing should be done without consulting them; that Taylor said it would not be necessary to see the other lawyers, but that he would go directly before the judge, and would be able to obtain such a judgment and sentence if he were authorized to enter a plea of guilty. Defendant further says that he had never before been under arrest, and was wholly unfamiliar with court procedure; that considering his physical condition he thought it better to enter a plea of guilty under the named conditions than to go through the trouble of a trial; that Taylor was authorized to enter a plea of guilty only upon those conditions; that he stated to defendant that he would see Judge Stong at once and report back to defendant what could be done; that defendant, during this time, on account of being confined to his bed, was unable to communicate with his regular counsel by telephone. Thereupon Taylor left defendant but went back to see him about 8 o'clock the same evening, and informed him that the judge would not accept such a plea, and would not give him such a sentence; that he then assumed that the matter was ended so far as Taylor was concerned; that he did not know of the fact that Taylor had entered a plea of guilty in the action until his wife, having read an account of the court proceeding in a newspaper, advised him of it on the following day. He further says that he has been advised by his counsel, Grimstad & Brown, that he has a good and meritorious defense to the action and that his motion and affidavit are not made for the purposes of delay but that justice may be done in the premises.

Mrs. Dow's affidavit corroborates the statements made in her husband's affidavit. She says: "On January 19, 1924, Chas.

A. Taylor came to the room of my husband in St. Vincent's Hospital at Billings, Montana, and stated to him, in my presence, that, if my husband would change his plea of not guilty to guilty, the said Chas. A. Taylor could get the court to give him not more than sixty days, and to suspend the sentence, and fine him not more than $300, and that the said Chas. A. Taylor would be glad to see the judge and see if this couldn't be done, and that both myself and my husband thereupon informed him that if he could get such a sentence that my husband would be willing to change his plea of not guilty to guilty, but under no circumstances should he change his plea of not guilty to guilty except under those circumstances.''

Charles A. Taylor filed an affidavit in support of this motion, in which he said that in his talk with the defendant the latter mentioned a fine not to exceed $300 and a jail sentence not to exceed sixty days, and that his authority to change defendant's plea of not guilty to guilty was limited to doing so if he could get such a sentence. The affidavit then relates at some length an account of Taylor's interview with Judge Stong which culminated in the judgment and sentence against the defendant, which we do not consider material to a decision of the matters presented on this appeal.

The affidavit of O. King Grimstad recites that he is a member of the firm of Grimstad & Brown, attorneys for the defendant; that he first learned of the entry of defendant's plea of guilty on Sunday, December 20, by reading an account of it in the newspaper, and on said day was requested by defendant's wife to call upon the defendant at the hospital; that he was requested by defendant to investigate the circumstances surrounding the entry of defendant's plea of guilty, and did so; that he interviewed Taylor, who stated to him that he would have the judgment and sentence set aside, and that he (Taylor) had the assurance of Judge Stong that such action would be taken; that on either the 21st or 22d of December he had an interview with Judge Stong, Taylor and the county attorney at the courthouse in Billings, immediately

following which he also had a conversation with Judge Stong in the corridor of the courthouse, in which the judge advised him to make an application to have said judgment vacated; that later he received a copy of the motion made by Taylor to have said judgment set aside, *etc.*, and that Taylor informed him that he had positive assurance from Judge Stong that said motion would be sustained and the defendant's plea of guilty would be withdrawn and a plea of not guilty substituted therefor, and that such action would be had upon that day, and, relying upon these statements, he assumed that it had been done, and did not know anything to the contrary until Tuesday, January 29, and that he then communicated with Judge Stong, and the latter agreed to allow the matter to remain *in statu quo* until affiant could make further investigation of the facts, and he thereupon filed the last-mentioned motion.

There was no denial of the facts set forth in these affidavits.

After the filing of this motion, the county attorney filed a motion to strike the same, together with the supporting affidavits, from the files upon various grounds which need not be enumerated, since they are not urged by respondent on this appeal. These motions were presented to the court, and on February 6 an order was made and entered denying the defendant's motion.

On February 7, 1924, the defendant, by his counsel, duly served and filed his notice of appeal to this court from said judgment made and entered on January 19, 1924, and from the order denying his motion to set the same aside and the whole thereof.

Appellant's first specification of error challenges the sufficiency of the information on the ground that it does not state [1] facts constituting the offense sought to be charged in ordinary and concise language and in such a manner as to enable a person of common understanding to know what is intended, as required by section 11843, Revised Codes of 1921, for the reason that it does not state what kind of liquor was being transported; where it was being transported other than in Yellow-

stone county; the time of day when or the means by which the transportation was being made.

The information charges that the defendant at the specified time in Yellowstone county "did then and there, willfully, wrongfully, and unlawfully carry, convey, and transport intoxicating liquor."

Section 11845 provides that an information must be direct and certain "as it regards * * *. (3) the particular circumstances of the offense charged, when they are necessary to constitute a complete offense."

The statute under which this defendant was prosecuted makes it an offense to "transport" intoxicating liquor, but does not undertake a more particular or specific definition of the prohibited act. Neither the time of day, the means of conveyance, the particular brand of intoxicating liquor transported, nor the termini of the route over which it is carried are made constituent elements of a completed offense under the statute. Under the liberal rule of pleading in cases of this character announced in sections 11078 and 11111, Revised Codes of 1921, we are of opinion that the information states a public [2] offense. If the defendant desired additional details he could have applied to the court for a bill of particulars. (See *State* v. *Fredericks,* 65 Mont. 25, 212 Pac. 495; *State* v. *Griebel,* 65 Mont. 390, 211 Pac. 331; *State* v. *Jenkins,* 66 Mont. 359, 213 Pac. 590.)

Appellant's second assignment of error is: "The court erred [3] in overruling defendant's motion to set aside the judgment of conviction and to permit the defendant to change his plea of guilty to not guilty."

Section 11907, Revised Codes of 1921, provides that: "There are four kinds of pleas to an indictment or information, a plea of 1. Guilty; 2. Not guilty; 3. A former judgment of conviction or acquittal; * * * 4. Once in jeopardy."

Section 11908 provides: "Every plea must be oral, and entered upon the minutes of the court in substantially the following form: 1. If the defendant plead guilty: 'The defend-

ant pleads that he is guilty of the offense charged.   \*   \*   \*   ''
There is no provision of the statute which authorizes the defendant in a criminal action to enter a conditional plea; the court has no authority to receive one, and the entry of such a plea is a nullity. (*Wolfe* v. *State*, 102 Ark. 295, Ann. Cas. 1914A, 448, 144 S. W. 208.)

Since an attorney at law is the agent of his client, the rules [4] of law applicable to principal and agent are generally applicable to the relation of client and attorney. If the attorney acts within the scope of his authority, express or implied, the client is bound; if the attorney exceeds such authority the client is not bound. (3 Cal. Jur., p. 644, sec. 51; 1 Thornton on Attorneys at Law, pp. 351, 352.)

A careful examination of the affidavits submitted to the [5] court in support of the defendant's motion to set aside this judgment and to allow the plea of guilty entered by Taylor to be withdrawn and a plea of not guilty to be substituted therefor discloses that the authority which the defendant gave to Taylor was a conditional one; that is, he was authorized to withdraw the defendant's former plea of not guilty and enter a plea of guilty only upon the condition that the court would agree to impose a penalty of not to exceed sixty days' imprisonment in the county jail and a fine not to exceed $300, with the jail sentence suspended. Under this arrangement Taylor was only authorized to say to the court: ''The defendant withdraws his former plea of not guilty, and enters a plea of guilty only upon the express condition that the penalty to be imposed under this plea shall not exceed a fine of $300 and a jail sentence of sixty days, which jail sentence shall be suspended by the court.'' If defendant had appeared in court and tendered a plea such as he authorized Taylor to enter, the court would have been obliged to decline to receive it as being wholly unauthorized. If he could not have entered the plea himself he could not lawfully authorize another to enter it for him. Since Taylor's authority was limited to that specific plea, it follows that he was not authorized to enter any

plea which the court could entertain. When he assumed to appear for the defendant and enter an unconditional plea of guilty he exceeded the authority which had been delegated to him. Under the provisions of section 8994, Revised Codes of 1921, upon these facts being established, the court should have summarily relieved the defendant from the consequences of Taylor's unauthorized acts, and the failure to do so was error.

The foregoing conclusion renders it unnecessary to consider the other specifications of error.

For the reasons above set forth the judgment is reversed and the cause remanded to the district court of Yellowstone county, with directions to sustain defendant's motion and allow him to withdraw the plea of guilty heretofore entered and substitute a plea of not guilty in lieu thereof.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN AND HOLLOWAY concur.

MR. JUSTICE RANKIN, being disqualified, did not hear the argument and takes no part in the foregoing decision.