Nos. 29,426, 29,427.

THE STATE OF KANSAS, *Appellee,* v. WILLIAM WASSINGER et al., *Defendants;* CELESTINE BIEKER, *Appellant.*

(291 Pac. 743.)

Opinion filed October 11, 1930.

*Edgar Foster, Horace J. Foster* and *Ray H. Calihan,* all of Garden City, for the appellant.

*William A. Smith,* attorney-general, *R. O. Mason,* assistant attorney-general, and *A. M. Fleming,* county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: Here there are appeals in two actions, but there is only one abstract, and it appears to be confined to one of the actions. In each action defendant Bieker appeals from an order denying his motion asking that he be permitted to withdraw his plea of guilty to a charge of stealing cattle.

It can be gathered from the abstract that Bieker and several other persons were arrested, and charged in one complaint with stealing cattle. A preliminary examination was held on September 6, 1929, and Bieker testified at that hearing. On September 16, 1929, he entered his plea of guilty. No information was then on file against him, and none was filed until September 20, 1929. Bieker did not have an attorney present when he pleaded guilty. On September 17, 1929, the day after he entered his plea of guilty, Bieker filed his motion for leave to withdraw that plea. That motion alleged—

"(1) That the defendant was not represented by counsel; (2) that he did not fully understand the consequences of his act in so entering said plea; (3) that said plea was entered through and because of fear on the part of said defendant; (4) that said defendant is not in truth and fact guilty of the offense with which he is charged; (5) that said plea was made through the coercion and influence of the county attorney and sheriff of Finney county, Kansas."

Evidence was introduced on the hearing of the motion. There was evidence which tended to prove that the sheriff, after arresting Bieker, while on the way to Finney county, threatened to do violence to him, but promised him leniency if he would confess to the commission of the crime, and that he did not understand the consequences of his plea of guilty.

We quote from the testimony of Bieker, as given in the abstract, as follows:

"I finished school in the seventh grade. I have lived at Hays with my people. They are German people. I do not understand English very well. There has been a great many people talked with me about this case and what I was going to say—I mean the sheriff and Lee Richardson; they have talked to me. Some have threatened me and some have promised me great things. When I plead guilty here in court before the judge I did not know I was to go to prison. I thought I was going to be let go or taken away from here. I did not understand I was going to prison. I testified in the preliminary examination that whatever I did at that time I was awful drunk and whatever I did they made me do."

The evidence as abstracted tends to show that Bieker, who was twenty-three years old, was somewhat deficient in intelligence and understanding.

In *State v. Yates*, 52 Kan. 566, 35 Pac. 209, this court said:

"The rule is, that where a defendant has pleaded guilty in a criminal cause, and sentence has been passed upon him, it is within the sound discretion of the trial court to permit the plea to be withdrawn, and to allow a plea of not guilty entered. If the court abuses its discretion, error may be assigned therefor." (Syl. ¶ 1.)

That case was followed in *State v. Pyle*, 52 Kan. 569, 35 Pac. 210, and in *State v. Garrett*, 78 Kan. 882, 98 Pac. 219.

In *City of Salina v. Cooper*, 45 Kan. 12, 25 Pac. 233, the first paragraph of the syllabus reads:

"Where a defendant was arrested for selling liquor in violation of a city ordinance, and taken before the police judge and called upon to plead to the complaint filed against him, and admitted that he sold beer in original

packages; and upon said admission, the police judge entered the plea of guilty on his record, and adjudged the defendant to pay a fine and costs, and stand committed until such fine and costs were paid; and in a few minutes after the entry of such judgment the defendant asked leave of the court to withdraw the plea of guilty and enter the plea of not guilty; and presented an affidavit stating that when arrested he became very much excited; that there was a large crowd in the court room; that he was not asked by the court if he wanted counsel, nor was he given an opportunity to employ anyone; that he was not guilty of selling intoxicating liquors in violation of law or the ordinances of the city; and that he had never admitted that he had sold liquor in violation of law; and the police judge overruled said application, and the case is appealed to the district court, where application is again made to withdraw the plea of guilty, upon a similar showing, and refused; and defendant is again sentenced to pay a fine and costs:  *Held,* that under the showing made, the district court should have permitted the defendant to withdraw the plea of guilty entered by the police judge, and should have allowed the plea of not guilty to be substituted."

In *State v. Oberst*, 127 Kan. 412, 273 Pac. 490, a judgment was reversed where a seventeen-year-old boy, without the advice of counsel, had pleaded guilty to murder in the first degree and afterwards had filed a motion to set aside the judgment that had been rendered and for permission to withdraw his plea of guilty.

On September 16 there was no information on file to which the defendant could plead guilty. His plea may have amounted to an admission of guilt, but it was not conclusive as a plea.

Under the evidence presented on the hearing of the motion for permission to withdraw the plea of guilty, and because there was no information on file against him when that plea was entered, and because the motion for leave to withdraw the plea was filed before any information was filed against Bieker, he should have been allowed to withdraw his plea of guilty. It was error to refuse to permit him to do so.

The judgments are reversed, and the trial court is directed to permit the defendant to withdraw his plea of guilty.