PEOPLE *v.* RUCKER.

1. CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT TO JURY TRIAL.
   Right of trial by jury is constitutional.

2. SAME—CHANGE OF PLEA AFTER SENTENCE NOT FAVORED.
   To permit change of plea after sentence involves setting aside the judgment of the court and is not favored.

3. SAME—WHEN COURT'S DUTY TO SET ASIDE PLEA OF GUILTY.
   Where there was doubt of truth of defendant's plea of guilty to charge of robbery armed, it was duty of trial judge, on application of defendant's attorney before sentence, to vacate plea of guilty, direct entry of plea of not guilty, and order trial.

4. SAME—WHEN PLEA OF GUILTY MAY BE CHANGED.
   At any time before sentence, plea of guilty may be changed by court to one of not guilty.

Error to Recorder's Court of Detroit; Murphy (Frank), J. Submitted April 16, 1931. (Docket No. 152, Calendar No. 35,380.) Decided June 1, 1931.

Owen Rucker was convicted of robbery armed. Reversed, and new trial ordered.

*Edward J. Roberts* (*Ellis C. Duncan,* of counsel), for appellant.

*Paul W. Voorhies,* Attorney General, *Harry S. Toy,* Prosecuting Attorney, and *Duncan C. McCrea,* Assistant Prosecuting Attorney, for the people.

POTTER, J. Defendant, a young negro boy 18 years of age, a native of Georgia, resident in De-

troit, with no previous criminal record and of good family, was arrested and informed against charged with robbery armed, under Act No. 374, Pub. Acts 1927 (3 Comp. Laws 1929, §§ 16722, 16723). On arraignment he pleaded guilty to the information filed against him. Subsequently, on the trial of other defendants with him at the time of the alleged robbery, they were acquitted, and it appeared defendant was probably not guilty. When brought before the trial judge for sentence, he appeared by counsel and sought to withdraw his plea of guilty and enter a plea of not guilty. The court refused his application to change his plea, and sentenced him to the State reformatory at Ionia for not less than two and one-half nor more than 15 years. Defendant brings error.

The law favors trial on the merits. *People* v. *Merhige,* 212 Mich. 601. The right of trial by jury is constitutional. To permit a change of plea after sentence involves setting aside the judgment of the court and is not favored (*People* v. *Goldman,* 245 Mich. 578), but it was the duty of the trial judge, if there was doubt of the truth of defendant's plea of guilty, to vacate the same, direct the entry of the plea of not guilty, and order a trial of the issue thus formed. 3 Comp. Laws 1929, § 17328. We have such doubt. "We have no question that at any time before sentence the plea of guilty may be changed by the court to one of not guilty." *People* v. *Utter,* 209 Mich. 214. Judgment reversed, and new trial ordered.

Butzel, C. J., and Wiest, Clark, McDonald, Sharpe, North, and Fead, JJ., concurred.