(No. 21317.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK WHEELER, Plaintiff in Error.

*Opinion filed June 24, 1932.*

Joseph R. Martin, for plaintiff in error.

Oscar E. Carlstrom, Attorney General, G. Ray Senift, State's Attorney, and J. J. Neiger, for the People.

Per Curiam: Frank Wheeler was indicted for burglary and larceny in the circuit court of Fulton county. He entered a plea of guilty, the court informed him of the effect and consequence of his plea and instructed him as to his rights. He persisted in his plea, it was accepted by the court and he was adjudged guilty of the crime charged. A motion to be released on probation followed. The motion was referred to a probation officer, who made the investigation provided by statute, and filed a report recommending that the application for probation be denied, and it was accordingly done. The defendant then made a motion to substitute a plea of not guilty for his plea of guilty. Evidence in support of and in opposition to the motion was pre-

sented, and the motion was denied. Motions to overrule the probation officer's report and in arrest of judgment were also denied, and the defendant was sentenced to the penitentiary for a term of not less than one year nor more than for the period of his natural life or until discharged by the State Board of Pardons. The record is here upon a writ of error.

The crime charged was the burglarious entry of a two-story frame residence building and the stealing of two hens, nineteen chicks, one bushel of popcorn on the cob and an alarm clock of the total value of $18.75. The plaintiff in error is thirty-two years of age, married, has a son thirteen years old, and lives in Canton, Fulton county. He has two sisters, Mrs. E. F. Drennen and Myrtle Herrin, both residing in Peoria.

The only issue is whether the motion of the plaintiff in error to substitute a plea of not guilty for his plea of guilty should have been allowed. The plaintiff in error and his sisters testified in support of the motion, and Harvey Williams, a deputy sheriff of Fulton county, testified in opposition to it. The evidence not in conflict is that the plaintiff in error and his sisters formerly lived in St. David, Fulton county, and there became acquainted with deputy sheriff Williams, a resident of that place. After the arrest of the plaintiff in error his sisters conferred with Williams. Mrs. Drennen's testimony is that Williams advised her it would be better for the plaintiff in error to plead guilty of the charge against him and apply for release upon probation, and told her that he would so advise the plaintiff in error. Mrs. Herrin had a conversation with Williams, but nothing was said with respect to the plea the plaintiff in error should enter. The plaintiff in error was not represented by counsel at the time he entered his plea of guilty.

The testimony of the plaintiff in error and that of deputy sheriff Williams is in conflict. The plaintiff in error testified that after his sisters' conversations with Williams,

but previous to entering his plea, he conferred with Williams with respect to the plea he should enter and whether he should employ an attorney. Williams advised him that nothing could be done but to await the report of the probation officer and the decision of the judge upon his application to be placed upon probation, and stated that about eighty-five per cent of those who pleaded guilty and applied for probation were released in that manner. The plaintiff in error admitted that the court had fully advised him of his rights. He knew that his application for probation would first be investigated by a probation officer, but that the decision upon the application was for the court, regardless of the probation officer's report. He had not been promised that a recommendation for his probation would be made, but he pleaded guilty expecting to be released on probation, and because his sentence was greater than he expected to receive he wished to withdraw his plea of guilty.

Deputy sheriff Williams testified that he may have talked to the plaintiff in error previous to the time the latter entered his plea, but did not advise him about his case. In response to a letter from the plaintiff in error the witness went to the jail the night before the plaintiff in error was to appear or answer to the probation officer's report and the plaintiff in error said that he wished to consult an attorney, whom he named. The witness stated that he would notify the attorney of the desire of the plaintiff in error to see him, but said that he did not see how such a conference would benefit the plaintiff in error as he was to appear in court the following day upon the probation officer's report. Before the witness left the jail, however, the plaintiff in error told him that he need not request the lawyer to come to see him.

Where a plea of guilty has been entered through a misapprehension of the facts or the law, or in consequence of misrepresentation by someone in authority, and there is doubt of the guilt of the accused, or he has a defense

worthy of consideration by a jury, or the ends of justice will best be served by submitting the case to a jury, the court should permit the withdrawal of the plea of guilty, and the substitution of a plea of not guilty. Where, however, the accused, with a full understanding of the nature of the charge against him, pleads guilty, whether the plea will be permitted to be withdrawn is discretionary with the court. The mere fact that the accused, knowing his rights and the consequences of his act, hoped or believed that he would receive a shorter sentence or a milder punishment by entering a plea of guilty than he would receive upon a trial and conviction by a jury, presents no ground for permitting the withdrawal of the plea of guilty. (*People* v. *Ensor,* 319 Ill. 255; *People* v. *Kleist,* 311 id. 179; *People* v. *Bonheim,* 307 id. 316; *People* v. *Stamatides,* 297 id. 582). It is discretionary with the court whether one convicted of crime shall be released on probation, and the action of the court on an application for that purpose cannot be reviewed. *People* v. *Stover,* 317 Ill. 191; *People* v. *Miller,* 317 id. 33; *People* v. *Bonheim, supra.*

Although the evidence is in conflict with respect to whether the deputy sheriff advised the plaintiff in error before he entered his plea of guilty, the latter knew that the deputy sheriff was not authorized to determine what action would follow his plea. No promise was made to him that a recommendation would be made to the court for his release on probation, or that his application for that purpose would be granted. At the time he entered his plea of guilty he was fully advised of his rights, and was informed that his motion for release on probation would be submitted to a probation officer. He knew that the probation officer's report, which is a part of the record, might show, as it does show, that previously he had served a sentence of thirty days upon conviction for an offense similar to that here charged, and that the court might be influenced by such report. Even if the report were favorable, he knew

that the court might decide adversely to his application and sentence him to the penitentiary. He entered his plea of guilty through no misapprehension of the facts or the law or misrepresentation by anyone in authority. There is nothing in the record to cast doubt upon the guilt of the plaintiff in error or to indicate that he has a defense worthy of consideration by a jury, or that the ends of justice will best be served by submitting the case to a jury. The plaintiff in error merely hoped that he might be released upon probation, and admitted that the reason he sought to change his plea was that he received a longer sentence than he expected. He is not permitted to speculate upon the supposed clemency of the judge and enter a plea of guilty with the right to retract it if he finds that his expectation may not be realized. The trial court did not abuse its discretion in refusing to permit the plaintiff in error to substitute a plea of not guilty for his plea of guilty.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*