STATE, Respondent, v. McALLISTER, Appellant.

(No. 7,226.)

(Submitted March 6, 1934.   Decided March 19, 1934.)

[30 Pac. (2d) 821.]

*Mr. Harry Meyer,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Raymond T. Nagle,* Attorney General, *Mr. C. J. Dousman,* Assistant Attorney General, and *Mr. Frank E. Blair,* County Attorney of Madison County, for the State, submitted a brief; *Mr. Dousman* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal by the defendant from a judgment entered on his plea of guilty of assault in the third degree, and from an order denying his motion to withdraw his plea of guilty and to substitute a plea of not guilty.

The facts appearing of record are as follows: Information charging the defendant with first degree assault was first filed

by leave of court. Demurrer thereto was sustained, and thereafter an amended information was filed, charging him with assault in the second degree. To the amended information he entered a plea of guilty in the third degree. The court on this plea imposed a sentence of six months' imprisonment in the county jail and a fine of $200. The jail sentence was suspended and the defendant was granted six months in which to pay the fine, in default of which he was to be confined in jail one day for each $2 of the fine. As soon as the sentence was imposed, defendant's counsel orally applied to the court for permission to withdraw the plea of guilty and enter a plea of not guilty. This motion was denied and leave granted to renew the motion in writing. Thereafter the defendant made written application to change his plea, supported by his own affidavit, an affidavit of his counsel, and one of his father. The affidavit of his counsel, Harry Meyer, was to the effect that after the demurrer to the first information had been sustained, he discussed with the county attorney the matter of filing an amended information charging third degree assault. He sets forth that on October 26, 1933, the defendant, with his counsel, appeared in court and the amended information charging assault in the second degree was filed by consent and upon advice of the court that the defendant could plead to third degree assault under such an information. He then states that ''while said information was being prepared, affiant casually mentioned the matter of sentence to the trial court, who stated to affiant and asked affiant if he expected a fine of $2, and affiant said, 'Yes,' and said judge said that that was not his practice, and it was also not his practice to agree to any punishment, but that in cases of this kind it was usual to pronounce a six months' sentence and suspend the same, and affiant said that was agreeable to his client, and as a result of said conversation affiant received the impression that such was the sentence which would be imposed upon the defendant, James McAllister; affiant thereupon informed his client, James McAllister, and his father, that upon a plea of guilty to assault in the third degree, a sentence, as hereinabove mentioned,

would be imposed, and defendant thereupon and because he was led to believe by affiant his sentence would be suspended, agreed to and did enter a plea of guilty to assault in the third degree.'' He further stated ''that he was surprised at the sentence imposed as he was under the impression that only a suspended jail sentence would be imposed, and thereupon asked the court for permission to allow defendant to change his plea.'' He further set forth that he talked with the defendant and other witnesses about the assault, and that he was satisfied that it was committed in self-defense. He admits in his affidavit that he had no agreement with the county attorney as to what sentence would be imposed.

The defendant himself made affidavit in which he said ''that he was informed by his counsel, Harry Meyer, that if he entered a plea of guilty to assault in the third degree he was to receive the sentence of six months which sentence was to be suspended,'' and that he only ''entered said plea on the understanding and on the condition that he was to receive a sentence of six months and that this sentence was to be suspended; that he was ignorant of the laws of the State of Montana and of his rights, except as advised by counsel upon whom he relied.'' He also set forth that he stated the facts in the case to two other practicing attorneys and was advised by them that he had a good defense to the action on the merits, on the ground that whatever he did was justifiable as being in self-defense.

Defendant's father made an affidavit to the effect that he was informed by Harry Meyer, whom he had employed to defend his son, ''that he believed James McAllister would receive a six months' sentence upon a plea of guilty to assault in the third degree and that said sentence would be suspended,'' and that the plea of guilty was made on those conditions.

The court denied the application, and this appeal followed. Defendant makes three specifications of error. In the first he challenges the sufficiency of the amended information.

The information is substantially the same as that upheld in the case of *State* v. *Broadbent*, 19 Mont. 467, 48 Pac. 775, and is sufficient.

The second ssignment, and the only one requiring extended discussion, predicates error upon the refusal of the court to permit the defendant to change his plea. A change of plea will ordinarily be permitted if it fairly appears that the defendant was in ignorance of his rights and of the consequences of his act, or if influenced unduly and improperly either by hope or by fear in making it, or if it appears that the plea was entered under some mistake or misapprehension. (16 C. J. 398.) This court has recognized the right of so doing in *State* v. *Nicholas*, 46 Mont. 470, 128 Pac. 543, *State* v. *Dow*, 71 Mont. 291, 229 Pac. 402, and *State ex rel. Foot* v. *District Court*, 81 Mont. 495, 263 Pac. 979, and has also held that the right may be exercised in a proper case after judgment has been pronounced. (*State ex rel. Foot* v. *District Court, supra*.) It is a matter that rests in the discretion of the trial court and is subject to review only where there has been an abuse of discretion. (*State ex rel. Foot* v. *District Court,* supra.) Each case of necessity must depend upon its own facts and circumstances, and no hard-and-fast rule can be laid down that will fit every case. When application is made to change the plea, all doubts should be resolved in favor of a trial on the merits (*People* v. *Rucker*, 254 Mich. 342, 236 N. W. 801; *Pope* v. *State*, 56 Fla. 81, 47 So. 487, 16 Ann. Cas. 972; *Krolage* v. *People*, 224 Ill. 456, 79 N. E. 570, 8 Ann. Cas. 235; *People* v. *Wheeler*, 349 Ill. 230, 181 N. E. 623), and the discretion of the court should be liberally exercised in favor of life and liberty (*Hubbell* v. *State*, 41 Wyo. 275, 285 Pac. 153; *State* v. *Raponi*, 32 Idaho, 368, 182 Pac. 855).

Here the affidavits were not opposed by counter-affidavits, and we must, therefore, assume the truth of everything contained in them. The affidavit of Harry Meyer contains no words or acts of the trial judge from which it could reasonably be concluded that the only punishment proposed to be meted out was a six months' suspended jail sentence. The

judge, according to the affidavit, stated that it was not his practice to agree to any punishment, but that in cases of this kind it was usual to pronounce a six months' sentence and to suspend it. This he did. There was talk of a fine of $2, but this is immediately followed by the statement of the judge that it was not his practice to agree to any punishment, and also that it was not his practice to impose a fine of $2. In our opinion, counsel was unwarranted in concluding from the remarks attributed to the judge that the only sentence would be a suspended sentence.

Mr. Meyer in his affidavit stated that because of the statements of the judge he received the ''impression'' that a six months' suspended sentence would be imposed. An impression is defined in Webster's New International Dictionary, as ''an indistinct or indefinite notion, remembrance, belief, or opinion.'' Funk & Wagnalls New Standard Dictionary defines it as ''a notion or belief held by the mind without adequate grounds.'' The Century Dictionary says it is ''a notion, remembrance, or belief, often one that is vague or indistinct.'' Thus the most that counsel would have been warranted in stating to his client was that he believed, or had the notion, that the judge would impose a six months' suspended jail sentence. He was not justified in assuring his client that this, and nothing more, would be the punishment. Had he advised his client merely that he believed, or had the notion, that the only sentence to be imposed would be a suspended jail sentence, the plea could not be changed though the sentence actually imposed was different from that which defendant was led to believe would be imposed. A person will not be permitted to speculate on the supposed clemency of a judge, with the right to retract when he realizes that his expectation, hope or belief was not realized. (16 C. J. 399; *People* v. *Miller*, 114 Cal. 10, 45 Pac. 986; *People* v. *Wheeler*, supra; *Mahoney* v. *State*, 197 Ind. 335, 149 N. E. 444, 447; *State* v. *Arnold*, 39 Idaho, 589, 229 Pac. 748.) The applicable rule is stated in *Mahoney* v. *State*, supra, where the court said: ''A defendant should not be permitted to trifle with the court by deliberately entering a

plea of guilty with a secret reservation of the hope of a lenient judgment, and immediately thereafter, upon a rendition of a judgment different than that hoped for, capriciously withdraw such plea of guilty thereafter, from which it follows that a judgment upon such plea of guilty should not be set aside merely because the accused is disappointed in the judgment rendered; it being more drastic in a certain particular than that which the accused had hoped would follow her plea of guilty. (*State* v. *Arnold,* 39 Idaho, 589, 229 Pac. 753.)''

But notwithstanding the above principles, if the defendant was in fact induced to enter his plea of guilty because of the statements of his counsel relative to the sentence that would be pronounced, and would not have done so except for this assurance, then he ought to be permitted to change his plea. A case presenting these circumstances is that of *State* v. *Stephens,* 71 Mo. 535. There the attorneys were led ·to believe by the words and act of the special judge that if the defendant pleaded guilty, he would receive the lowest punishment allowed by law. This understanding was communicated to the defendant, who thereupon pleaded guilty, but instead of the lowest he was given the highest punishment which the law prescribed. The judge in that case made an indorsement upon the bill of exceptions which apparently controverted some of the facts set out in the affidavit in support of the motion for change of plea, and the court said: ''But if we take as true the indorsement made upon the bill by the special judge, the fact remains, as stated in the affidavits of the attorneys and the defendant, that they were induced to enter a plea of guilty, under the belief that by so doing a punishment less severe than the maximum would be awarded. Viewing the matter, then, in either light, we feel constrained to say that it would better have comported with the proper exercise of a sound judicial discretion, had the special judge permitted the withdrawal of the plea of guilty, and the entry, in its stead, of the usual plea.'' The case was followed by the later one of *State* v. *Kring,* 71 Mo. 551.

While not directly in point on the facts, but as sustaining the right of defendant to change his plea of guilty when induced by promises with reference to the punishment that would be inflicted, are the following cases: *People* v. *Walker*, 250 Ill. 427, 95 N. E. 475, *People* v. *Byzon*, 267 Ill. 498, 108 N. E. 685, *Myers* v. *State*, 115 Ind. 554, 18 N. E. 42, and *Moose* v. *State*, (Okl. Cr. App.) 4 Pac. (2d) 694; and it is immaterial that he was unintentionally misled. (*State* v. *Hare*, 331 Mo. 707, 56 S. W. (2d) 141; *State* v. *Dale*, 282 Mo. 663, 222 S. W. 763.)

This brings us to the queston whether the defendant was told what sentence would be imposed and thus misled into pleading guilty. Mr. Meyer stated that after receiving the "impression" with reference to what sentence would be imposed, he informed defendant and his father that a six months' suspended jail sentence would be imposed. Defendant by his affidavit made the same statement, and he says that he "entered said plea on the understanding and on the condition that he was to receive a sentence of six months, which sentence was to be suspended."

While the defendant's father made affidavit that what Mr. Meyer said was "that he believed James McAllister would receive a six months' sentence upon a plea of guilty to assault in the third degree and that said sentence would be suspended," he also said that the plea of guilty was made "on the condition that he would receive a six months' sentence, which sentence was to be suspended." Defendant and his father, being unfamiliar with legal proceedings, were warranted in accepting the statement of counsel as to what sentence defendant would receive, and in assuming from what they were told by the latter's counsel that no fine would be imposed; and since it is shown that they were misled by the promise held out to them, the court should have permitted the change of the plea.

The judgment and order are reversed and the cause is remanded to the district court of Madison county for a new trial on the plea of not guilty.

MR. CHIEF JUSTICE CALLAWAY and MR. JUSTICE STEWART concur.

MR. JUSTICE MATTHEWS: I concur in the result reached in the foregoing opinion, but might not do so if I agreed with all that is said therein. In my opinion, the conversation between the judge and counsel for the defendant does not warrant the construction placed upon it by my learned associates. We are told that, after the facetious remark as to a $2 fine, the judge stated that "it was not his practice to agree upon the punishment, but that in cases of this kind it was usual to pronounce a six months' sentence and suspend the same," to which counsel replied that such sentence would be satisfactory to his client. Counsel was then permitted to depart with the impression that, on a plea of guilty, his client would receive the "usual" treatment.

It may be that counsel was unduly optimistic, but in my opinion, had the judge intended to adhere to his practice of not agreeing upon the punishment, he should have said no more than that; had he not intended to follow the "usual" course, he should have so advised counsel when counsel stated that the "usual" sentence would be satisfactory to his client, or at least intimated that he might be satisfied to impose the "usual" sentence. In my opinion, counsel was justified in advising his client as he did; consequently, while I am not prepared to agree that a defendant, dissatisfied with the sentence pronounced, is entitled to withdraw his plea of guilty merely because the sentence is more severe than he was led by his attorney to expect, in the circumstances here, as in *State* v. *Stephens*, cited, the judgment should be reversed on the ground of abuse of discretion.

MR. JUSTICE ANDERSON: I concur in what is said by MR. JUSTICE MATTHEWS above.