Filed Sept. 28, 1888.

No. 14,520.

## MYERS *v.* THE STATE.

CRIMINAL LAW.—*Plea of Guilty.*—*Withdrawal of Plea.*—*Discretion of Court.* —Courts may, in their discretion, permit pleas of guilty to be withdrawn, or refuse to allow such withdrawal, and, except where there has been an abuse of such discretion, the Supreme Court will not interfere.

SAME.—*Withdrawal of Plea.*—*Abuse of Discretion of Trial Court.*—Where a prisoner, who is brought into court and arraigned on the same day an indictment is returned, being without counsel or means of employing them, and ignorant of his right to have counsel assigned him, acting in good faith upon an assurance from the prosecuting attorney that upon a plea of guilty the minimum punishment will be assessed, enters a plea of guilty, and punishment by imprisonment is thereupon adjudged against him eight years in excess of the minimum, he is entitled, upon motion made at the first opportunity thereafter, to a withdrawal of such plea, and the refusal of the court to sustain such motion is such an abuse of its discretion as will warrant the interference of the Supreme Court.

From the Morgan Circuit Court.

*C. G. Renner,* for appellant.

*L. T. Michener,* Attorney General, and *J. H. Gillett,* for the State.

ZOLLARS, J.—On the 5th day of September, 1887, the

grand jury of Morgan county returned an indictment against appellant charging him with grand larceny in the theft of a horse, of the value of one hundred and fifty dollars. On the morning of the following day, after a judgment upon a plea of guilty had been entered upon the order-book, and, with other order-book entries, had been read in open court and signed by the judge, appellant, by counsel, moved the court to· to set aside the judgment, and to grant him leave to withdraw his plea of guilty, and enter a plea of not guilty. He supported that motion by his own affidavit, and also the affidavits of Joseph W. Paul and George L. Fesler. The affidavits, with the exception of that of Fesler, were written out and sworn to on the evening of the day on which sentence was pronounced.

The substance of appellant's affidavit is, that his plea of guilty was entered under the belief that his punishment should not exceed two years imprisonment in the State prison; that he was poor, without friends, and without money with which to employ an attorney to defend him; that he had no relatives or friends to assist him to employ counsel, or inform him of his rights; that he was ignorant of the law before and at the time he entered his plea of guilty, and acted upon the information of the sheriff who had him in custody, that the prosecuting attorney had agreed that if he would plead guilty his punishment should not exceed two years imprisonment; that, having been in jail for more than a month, without opportunity, or money, to employ counsel, and being ignorant, and relying upon the information furnished by the sheriff, he pleaded guilty, although he was innocent of the charge made against him in the indictment, and has a good defence.

The substance of Paul's affidavit is, that he is, and was, the sheriff of the county in whose custody appellant had been for more than a month before the return of the indictment; that during the time appellant was in his custody he (sheriff) had frequent conversations with him about the charge against him; that he said he was poor and unable to employ an at-

torney, and asked his (sheriff's) advice; that at appellant's request he went to, and counselled with, the prosecuting attorney, who proposed to accept a plea of guilty on appellant agreeing to accept an imprisonment of two years; that he reported the proposition to appellant, and advised him that, under the circumstances, the best thing to be done would be for him to plead guilty and take two years imprisonment, and told him that the prosecuting attorney would agree to such an arrangement; that appellant claimed that he was innocent, and did not want to plead guilty, and lamented that he was not able to defend himself, or procure assistance or counsel to do so for him, but finally consented to plead guilty and accept the two years imprisonment; that the indictment was returned into court at three o'clok P. M., and appellant was immediately taken into court without the privilege of consulting an attorney, and was arraigned without an opportunity to advise with any one about his case; that at that time the prosecuting attorney was absent from the county, but was represented by his deputy, who agreed, as had his principal, that if appellant would plead guilty the punishment should not exceed two years imprisonment, which agreement he (the sheriff) again communicated to appellant, and again advised him to acquiesce in it; that immediately after appellant had pleaded guilty, the court, without hearing any evidence, adjudged that he should be imprisoned for ten years in the State prison; that immediately afterwards appellant asked that he might have a hearing, and counsel and advice in his behalf, as to his rights under the charge against him, and Mr. Charles G. Renner, an attorney, was afterwards consulted.

The substance of the affidavit by Geo. L. Fesler is, that during appellant's imprisonment he was an assistant about the jail, and had almost daily conversations with him (appellant); that he informed him that the sheriff had told him that the prosecuting attorney had agreed that if he (appellant) would plead guilty, the punishment should not exceed

two years imprisonment; that appellant claimed that he was innocent, and did not want to plead guilty; that several such conversations were had; that appellant finally said that he was innocent, but as he was poor and unable to make a defence, he would plead guilty if his punishment should not exceed two years imprisonment; that he reported to appellant that the prosecuting attorney had agreed to such an imprisonment, and advised him to plead guilty. The remaining portion of the affidavit, as to what occurred after the return of the indictment, is substantially the same as that by the sheriff.

These affidavits, without contradiction, or any attempt at contradiction, on the part of the State, stand, as the record shows, as all the evidence given upon the hearing of the motion.

We think that they show very clearly that the court below ought to have set aside the judgment and allowed appellant to withdraw his plea of guilty and substitute a plea of not guilty. The agreement by the prosecuting attorney was not sufficient to bar or cut off any rights of the State, for the reason that that officer had no authority to bind the State by such an agreement.

On the other hand, however, the prosecuting attorney is an officer and representative of the State, charged with the duty of managing and conducting criminal prosecutions. Persons not versed in the law are apt to, and, in most cases, doubtless do, think that he has authority to make such an agreement as was made in this case. Acting upon that belief, and without the aid or advice of counsel, appellant pleaded guilty to a charge of which he, all the while, asseverated he was innocent.

The officers who had him in custody were the only persons with whom he had any communication, and upon their advice he relied. If they were informed upon the subject, they at no time intimated to him that, although poor and friendless, he might have an attorney appointed for him by

the court, but, on the contrary, advised him to plead guilty as the best thing to do in his helpless condition.

Almost immediately after the return of the indictment he was arraigned, and being reassured of the agreement on the part of the prosecuting attorney, and being again advised by the officers upon whose friendship he relied, he pleaded guilty, and instead of receiving the punishment agreed upon, he was sent to the State prison for ten years. He had the advice of no attorney until after the court adjourned for the day. The attorney called, as above stated, at once prepared the affidavits and motion, and at the first opportunity on the succeeding morning, at the same term of the court, filed the motion to have the judgment set aside, and for leave to appellant to withdraw his plea of guilty and substitute a plea of not guilty. That the court had authority to entertain and sustain the motion, we have no doubt. The courts would be impotent, indeed, if at the same term they were without authority to set aside a judgment upon a plea of guilty, rendered under the circumstances shown by the record in this case. We need not extend the opinion to discuss this feature of the case. It is sufficient to refer to the thoroughly considered case of *Sanders* v. *State*, 85 Ind. 318.

The rule is, that courts may exercise a discretion in allowing or refusing leave to withdraw pleas of guilty, and that an appellate court will not interfere unless there has been an abuse of such discretion. We think that this is a case in which this court is justified in holding that the court below ought to have exercised its discretion in favor of appellant, or, in the language of the law, that the court below abused the discretion which it was authorized to exercise.

No possible harm could have resulted, or can now result, to the State by allowing appellant to withdraw his plea of guilty and substitute a plea of not guilty.

If he is innocent of the charge, as he has, all the while, and under all circumstances, claimed, he ought to have a fair opportunity for a defence. If he is guilty, the State may

have an opportunity to establish that guilt under a plea of not guilty.

In the conclusion we have reached here we are sustained by the authorities. We deem it sufficient here to cite the cases of *State* v. *Stephens,* 71 Mo. 535 (11 Cent. Law Journal, 5); *Gardner* v. *People,* 106 Ill. 76 (4 Crim. Law Magazine, 881).

In the latter case, the defendant, on the 25th day of November, upon a plea of guilty, was sentenced by the court to be hanged. On the 14th day of the following December, at the same term of court, he made application for leave to withdraw the plea of guilty, which was overruled. The facts in the case, and the ruling upon appeal, so far as they need be here stated, are embodied in portions of the syllabus as follows: "Where a person who stands indicted for murder is not of mature age, and is wholly ignorant of our language and institutions and the perilous situation in which he stands, and is without sufficient understanding to act intelligently for himself, it is the duty of the court to appoint him counsel, and not to enter a plea of guilty without the concurrence of such counsel." And again: "It was *held,* that the court erred, under the peculiar circumstances of the case, in accepting and entering the plea of guilty, and also in refusing to allow its withdrawal."

In the former case, also, the syllabus embodies the holding by the Appellate Court. It is as follows: "If the defendant enters a plea of guilty under the belief induced by something said or done by the judge, that by so doing he will receive a punishment less severe than the maximum allowed by law, he should not afterward be sentenced to the maximum, but should rather be permitted to withdraw his plea and file a plea of not guilty, if he so desires." In the course of the opinion it was said: "The law is not composed of a series of snares and pitfalls for the unwary, neither does it favor what Judge BLISS terms 'snap judgments.' *Henslee* v. *Cannefax,* 49 Mo. 295. If these remarks apply in a civil case,

then, *a fortiori*, do they apply in a criminal prosecution, where the liberty of the prisoner is at stake. Courts have always been accustomed to exercise a great degree of care in receiving pleas of guilty, in prosecutions for felonies, to see that the prisoner has not made his plea by being misled, or under misapprehension or the like." The judgment was reversed because of the refusal of the lower court to set aside the judgment and allow the defendant to withdraw his plea of guilty.

The judgment is reversed, the court below is directed to sustain appellant's motion, set aside the judgment, allow him to withdraw his plea of guilty and substitute a plea of not guilty.

The clerk of this court is directed to make the proper order for the return of appellant to the custody of the sheriff of Morgan county, to await further proceedings in the case.

Filed Sept. 29, 1888.