## MILLER *v.* STATE.

### Opinion deliverd October 1, 1923.

1. CRIMINAL LAW—MOTION TO WITHDRAW PLEA OF GUILTY.—Where defendant voluntarily entered a plea of guilty, and subsequently moved to withdraw it, and it did not appear, either in motion or by evidence, that the facts set forth in the motion were not known to defendant at the time he entered his plea, or that the plea was entered under a misapprehension of facts, the court did not err in denying the motion.

2. CRIMINAL LAW—WITHDRAWAL OF PLEA OF GUILTY.—Ordinarily the court will permit a plea of guilty to be withdrawn if it fairly appears that the defendant was in ignorance of his rights and of the consequences of his act in pleading guilty, or was influenced unduly or improperly, either by hope or fear, in making such plea, or if it appears that the plea was entered from mistake or misapprehension, but will not permit such withdrawal where the plea was entered voluntarily without any undue influence, or where no reason is assigned for its withdrawal.

3. CRIMINAL LAW—AFFIDAVIT FOR ISSUANCE OF WARRANT.—An affidavit that the accused "did in the county of Sebastian, on or before the 27th day of January, 1923, commit the crime of transporting liquor," *held* sufficient to sustain issuance of warrant for his arrest for transportation of liquor, in violation of Crawford & Moses' Dig., § 6165.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; affirmed.

*T. S. Osborne,* for appellant.

As a general rule, leave to withdraw a plea of guilty being in the discretion of the court, a denial of it will not be disturbed on appeal, unless it appears to have been abused. 94 Ark. 198; 114 Ark. 234; 102 Ark. 295. However, a prisoner has an absolute right to withdraw his plea to interpose any good defense which has arisen since the last continuance. 16 Corpus Juris, 397; 51 Neb. 70.

Where a plea of guilty has been entered under some mistake or misapprehension of his rights, the court should allow it to be withdrawn. 16 C. J. 397-8; 224 Ill. 456; 8 Ann. Cases, 235.

All courts should so administer the law and construe the rules of practice as to secure a hearing upon the merits, if possible. 30 Ga. 674; 77 Miss. 691.

*J. S. Utley,* Attorney General, *John L. Carter, Wm. T. Hammock* and *Darden Moose,* Assistants, for appellee.

The court did not abuse its discretion in refusing to allow the defendant to withdraw his plea of guilty. 94 Ark. 199.

WOOD, J. On the 18th day of June, 1923, appellant pleaded guilty in the Sebastian Circuit Court of the crime of transporting intoxicating liquor, and a judgment was entered fixing his fine at the sum of $100. Two days thereafter he filed a motion in which he set up, in effect, that he, in fact, was not guilty of the charge; that he never transported or possessed said whiskey; that he loaned his car to Ray Williams and Joe Thomas, and when they returned it he had a call to come immediately to his sick wife, and as the other parties got out of the car he got in it and started for home; that, being in a hurry, he took no notice of what was in the car; that it turned out that Ray Williams had left his overcoat in the car, and whiskey was in his overcoat, and appellant had no knowledge of same being there; that, without such knowledge, appellant could not be guilty of transporting or possessing liquor; that, after appellant reached home and was with his sick wife a short time, he started

to the drugstore for some medicine and was arrested on
the way; that the car was searched and the whiskey was
found in Ray Williams' overcoat in the car; that appel-
lant understood that the officers still had Williams' over-
coat and the whiskey; that, as appellant was in no way
responsible for the overcoat and whiskey being in his
car, he was not guilty of transporting or possessing
liquor.

The motion was duly verified. The court overruled
the motion, and appellant prosecutes this appeal.

There is nothing in the motion itself, nor did appel-
lant adduce any testimony, to prove that he had no
knowledge of the facts set forth in his motion at the
time he voluntarily entered his plea of guilty. He does
not set up in the motion itself, nor prove by his own, or
other, testimony that his plea of guilty was entered un-
der a misapprehension of facts. He does not adduce any
testimony to show that his plea was not wholly voluntary.
If he had pleaded not guilty, and at his trial had testi-
fied that he was not guilty and to the facts as set up in
his motion, it would have still been an issue for the court
or jury trying the cause to determine whether or not he
was guilty. The law governing the subject is correct-
ly declared in 16 C. J., p. 397-398, § 730, as follows:
"Where defendant pleads guilty, he may be allowed to
withdraw the plea and substitute another, or a demurrer,
or motion to quash; but if the plea is made with an un-
derstanding of its nature, and the indictment charges an
offense, the court properly may refuse to permit him to
substitute a plea of not guilty, unless a right to with-
draw the plea of guilty is given expressly or impliedly
by statute; but abuse of discretion in refusing to allow
a plea of guilty to be withdrawn is reversible error. The
withdrawal of the plea of guilty should not be denied in
any case where it is in the least evident that the ends of
justice will be subserved by permitting not guilty to be
pleaded in its place. Therefore, the court ordinarily will
permit a plea of guilty to be withdrawn if it fairly ap-

pears that defendant was in ignorance of his rights and of the consequence of his act, or was influenced unduly and improperly, either by hope or by fear, in the making of it, or if it appears that the plea was entered under some mistake or misapprehension. Ordinarily it will not be granted, however, where the plea was entered voluntarily without any undue influence, or where no reason whatever is assigned for the change." See *Joiner* v. *State,* 94 Ark. 198; *Cox* v. *State,* 114 Ark. 234. See also *Wolf* v. *State,* 102 Ark. 295; 8 R. C. L. 111-112, §§ 77 and 78.

2. The affidavit upon which the warrant was issued charged that the appellant "did, in the county of Sebastian, on or before the 27th day of January, 1923, commit the crime of transporting intoxicating liquor." The affidavit thus charging appellant was sufficient to justify the court in issuing a warrant for the appellant, and his arrest under such warrant was sufficient to give the trial court jurisdiction. As to whether appellant was guilty of a violation of the statute making it unlawful for any person in any manner to transport intoxicating liquor from one place to another in this State, as prescribed in § 6165 of Crawford & Moses' Digest, was an issue that could have been and would have been developed by the proof if appellant had not entered his plea of guilty. See *Allen* v. *State,* 159 Ark. 663.

There is no error. Let the judgment be affirmed.