EAST *v.* STATE OF INDIANA.

[No. 13,691.   Filed September 26, 1929.]

*Henry Seyfried* and *Norman E. Patrick*, for appellant.
*James M. Ogden*, Attorney-General, and *V. Ed Funk*, Deputy Attorney-General, for the State.

REMY, J.—Appellant was charged by affidavit with violation of §40 of the act of 1925, as amended by the act of 1927 (Acts 1925 p. 570, Acts 1927 p. 562) forbidding the operation of a motor vehicle while under the influence of intoxicating liquor, and providing that, upon conviction, punishment shall be by fine of not more than $500, to which shall be added imprisonment in the county jail or state farm for a period of not less than thirty days nor more than six months. Upon arraignment, appellant pleaded guilty, and the court took the case under advisement for a period of one week, at which time appellant appeared in court and was fined $100, to which was added imprisonment at the state farm for a period of sixty days. Appellant was not represented by an attorney, either at the time he pleaded guilty, or at the time the court rendered judgment. When judgment was rendered, appellant orally asked leave to withdraw his plea of guilty, which the court denied, advising him to procure the services of an attorney. Subsequently, at the same term of court, appellant, having given due notice to the prosecuting attorney, filed his verified petition to vacate the judgment and permit him to withdraw his plea of guilty, to enter a plea of not guilty, and that the cause be set for trial. Attached to the petition as a part thereof were six supporting affidavits. It is alleged in the petition that appellant was not in fact guilty of the offense charged in the affidavit; that his plea of guilty was prompted by a belief that the punishment would be by fine only, and that it would be less expensive to pay

the fine than to defend; that, on the day charged in the affidavit, appellant's automobile was wrecked when it overturned as a result of skidding on the wet pavement on a public highway in the northern part of Hancock county; that, following a trade of the wrecked car for a new one, an altercation arose concerning possession of a spare tire on the old car; that appellant, claiming the tire, took possession of it, and was arrested on an affidavit charging larceny thereof; that, on the same day, the prosecuting attorney filed two affidavits charging appellant with intoxication and with the offense involved in this appeal; that appellant was a resident of the city of South Bend and a stranger in the community; that by various conversations with the prosecuting attorney, appellant was led to believe that, if he would plead guilty to the charge of intoxication, the other two charges would be dismissed, and that the fine and costs would be about $47; that appellant was acquainted in the city of Anderson, where he retained attorneys, whom he paid a fee, part of which was to be used by the attorneys to retain local counsel in the city of Greenfield; that local counsel was not retained; that, on the day of arraignment, appellant was told by the prosecuting attorney that the charge of larceny would be dismissed as he had previously stated, but that it would be necessary for appellant to plead guilty to the charge of intoxication and the charge here involved, and that the fines would aggregate a little over $100, and that there would be no imprisonment; that, being without an attorney, and ignorant of his legal rights, and acting and relying upon the statements of the prosecuting attorney, appellant entered a plea of guilty; and that, except for the statements of the prosecuting attorney, he would not have done so.

To appellant's petition to vacate the judgment and for leave to withdraw his plea of guilty, no answer or counter-affidavits were filed, and, at the hearing on the issue

tendered by the petition, no evidence was introduced by the State, and no evidence heard by the court other than that contained in the verified petition and supporting affidavits.

The trial court denied the petition, and the action of the court in so doing is the only question presented to this court.·

It is a well-established rule that a petition to vacate a judgment rendered upon a plea of guilty, and permit a withdrawal of the plea, is addressed to the sound legal discretion of the trial court. *Capps* v. *State* (1928), 200 Ind. 4, 161 N. E. 6; *Mahoney* v. *State* (1925), 197 Ind. 335, 149 N. E. 444; *Doench* v. *State* (1929), *ante* 52, 165 N. E. 777. The question, then, is: Did the court abuse its discretion?

Appellant sets forth in his verified petition that he was away from his home, which was in a distant part of the state; that he was among strangers and without an attorney; that he had been induced by the prosecuting attorney to enter the plea upon assurance of that officer that the punishment would be by a fine, with no imprisonment; and that he was ignorant of his legal rights. The prosecuting attorney is not only the State's legal representative, but an officer of the court. The facts set forth in the verified petition and the four supporting affidavits are not denied; they stand in the record uncontradicted. If the facts incorporated in the petition and affidavits were false, it would have been an easy matter for the prosecuting attorney, and it would have been his duty, to have filed counter-affidavits, or to have introduced evidence to the contrary. The authors of a valuable text have well said: "The withdrawal of the plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be served by permitting not guilty to be pleaded in its place. Therefore, the court will ordinarily permit

a plea of guilty to be withdrawn if it fairly appears that defendant was in ignorance of his rights and of the consequences of his act, or was influenced unduly and improperly either by hope or by fear in the making of it, or if it appears that the plea was entered under some mistake or misapprehension." 16 C. J. 398. See, also, the well-considered case of *Myers* v. *State* (1888), 115 Ind. 554, 18 N. E. 42.

The only manner in which the State seeks to meet the evidence of appellant in support of his petition is by arguing that appellant had entered a plea of guilty to the affidavit which merely charges intoxication, and that such plea was some evidence to be considered on the question presented by this appeal. Of course, the court did not have the right to consider that fact; that was another offense. In this connection, it may be said, however, that the court's record of the plea and judgment does not show that appellant pleaded guilty to, or that any disposition was made of, the charge of intoxication.

We conclude that, under the facts as shown by the record in this case, the action of the court in denying the petition was an abuse of its discretion, and that the ends of justice will best be served by vacating the judgment, permitting appellant to withdraw his plea of guilty, enter a plea of not guilty, and trying the cause on its merits.

Reversed.