## WARD v. UNITED STATES.

### Nos. 8555, 8556.

Circuit Court of Appeals, Sixth Circuit.

Dec. 13, 1940.

**136**

Joseph A. Struett, of Chicago, Ill. (Joseph A. Struett and Warren Canaday, both of Chicago, Ill., and Leonard L. Lipschutz, of Cincinnati, Ohio, on the brief), for appellant.

William W. Barron, of Washington, D. C. (James J. Waters, of Washington, D. C., and James H. Cleveland, of Cincinnati, Ohio, on the brief), for appellee.

Before SIMONS, HAMILTON, and ARANT, Circuit Judges.

ARANT, Circuit Judge.

This is an appeal from an order denying appellant's motion to withdraw pleas of guilty and substitute pleas of not guilty. There is no dispute as to the facts.

Appellant, with some fifty others, was indicted for violation of the mail fraud statute, 18 U.S.C.A. § 338, and for conspiring to commit that offense [in violation of 18 U. S.C.A. § 88], in the sale of lots in a plot of ground near Cincinnati, Ohio, called the Arlington Cemetery. He first pleaded not guilty to both indictments. Counsel for the United States thereafter sought to induce him to change his pleas and testify against others considered more deeply involved. They promised to recommend a sentence that would involve no imprisonment and assured appellant that pleas of guilty would result in no more than a fine, or suspended sentence, or both, though they said they could not state definitely what punishment would be imposed. They made these statements in good faith and after discussion with the trial judge. Relying thereon, appellant entered pleas of guilty, furnished substantial information which otherwise would not have been available, made several trips from his home in Chicago to Cincinnati at great expense to himself, became a witness for and otherwise fully cooperated with the government. The trial, which lasted several weeks, resulted in a disagreement of the jury as to the four principal defendants and the acquittal of the remaining defendants who stood trial. After the date had been set for retrial of the four defendants not acquitted, and when sentence was about to be pronounced on him, appellant learned that the trial judge did not intend to follow the recommendations of government counsel. He then filed a verified petition, accompanied by affidavits of his counsel, setting forth the above facts, and asked leave to withdraw the pleas of guilty and substitute therefor pleas of not guilty. No objection was made, but the Court refused to grant the leave. Though counsel for the government recommended a suspended sentence, the Court imposed concurrent sentences of two years imprisonment on the conspiracy indictment and each of the thirty-four counts of the other indictment.

The sole question here presented is whether it was reversible error to refuse leave to withdraw the pleas of guilty, on the basis of which the foregoing sentences were imposed.

█ We do not find that this question has been decided by any federal appellate court. The prevailing view, however, appears to be that the trial court's denial of leave to withdraw a plea of guilty is examinable on review to determine whether such denial is in accord with the exercise of a sound judicial discretion. State v. Maresca, 85 Conn. 509, 83 A. 635; Gardner v. People, 106 Ill. 76; Myers v. State, 115 Ind. 554, 18 N.E. 42; Little v. Commonwealth, 142 Ky. 92, 133 S.W. 1149, 34 L.R.A.,N.S., 257, Ann.Cas.1912D, 241; State v. Hill, 81 W.Va. 676, 95 S.E. 21, 6 A.L.R. 687.

█ It is not error to refuse leave to withdraw the plea if the defendant fully understood his rights, the nature of the charge against him, and the consequences of such a plea. Miller v. State, 160 Ark. 245, 254 S.W. 487; Pope v. State, 56 Fla. 81, 47 So. 487, 16 Ann.Cas. 972; State v. Raponi, 32 Idaho 368, 182 P. 855; State v. Williams, 45 La.Ann. 1356, 14 So. 32; Hubbell v. State, 41 Wyo. 275, 285 P. 153. On the other hand, it is error to deny leave to

withdraw the plea when it was entered because of misunderstanding of its effect or because of misrepresentation. Krolage v. People, 224 Ill. 456, 79 N.E. 570, 8 Ann. Cas. 235; Mounts v. Commonwealth, 89 Ky. 274, 12 S.W. 311, 11 Ky.Law Rep. 474; State v. Nicholas, 46 Mont. 470, 128 P. 543; State v. McAllister, 96 Mont. 348, 30 P.2d 821. There is ample precedent among the state court decisions for the view that it is reversible error to refuse leave to withdraw the plea under circumstances such as appear in the case at bar. Griffin v. State, 12 Ga.App. 615, 77 S.E. 1080; East v. State, 89 Ind.App. 701, 168 N.E. 28; State v. Stephens, 71 Mo. 535; State v. Cochran, 332 Mo. 742, 60 S.W.2d 1; Sloan v. State, 54 Okl.Cr. 324, 20 P.2d 917.

■ It is significant that the government's trial counsel so strongly believed the judgment to be arbitrary and unfair, that he recommended that the government confess error and asked to be relieved of the task of preparing a brief in support of the sentences. The government was represented here by an Assistant Attorney General who, in argument, confessed error in imposition of the sentences.

We conclude that the trial court erred in refusing leave to withdraw the pleas of guilty. Our reasons we find well stated in Griffin v. State, supra [12 Ga.App. 615, 77 S.E. 1087], as follows: "It was discretionary with the trial judge whether he would receive the plea of guilty at all. If he knew that it was entered under the mistaken belief, engendered by an agreement of state's counsel, that the punishment would be less than the maximum, the plea ought not to have been received until the accused had been admonished that the judge would not be bound by any such agreement. Of course, in theory, the accused knew that this was true; but if they, in fact, honestly thought the agreement would be carried out, then they ought to have relief from the plea. If the state is not bound by the agreement its counsel made, then the accused ought not to be held to their waiver, made on the faith of such agreement. That the accused were actually misled by the representations of state's counsel is undisputed, and, as illustrating the strong conviction of these able and upright attorneys that the accused had been misled by their statements, when the trial judge, in the exercise of his discretion, refused to abide by their agreement, they retired from the case and declined to attempt

in the reviewing court to sustain the sentences imposed upon the accused."

The judgments are reversed and the causes remanded with directions to permit withdrawal of the pleas of guilty and substitution of pleas of not guilty.