### UNITED STATES v. DOMROE.

### No. 351.

Circuit Court of Appeals, Second Circuit.

July 16, 1942.

---

Mathias F. Correa, U. S. Atty., of New York City (Richard Delafield and Saul S. Sharison, Asst. U. S. Attys., both of New York City, of counsel), for plaintiff-appellee.

Jac M. Wolff, of New York City (John A. Radeloff, of New York City, on the brief), for defendant-appellant.

Before CHASE, CLARK, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The appellant was indicted, with seventy-five others, by a grand jury sitting in the Southern District of New York. In each of the first twenty-nine counts in the indictment there was charged the substantive offense of using the mails to defraud in violation of 18 U.S.C.A. § 338. The last count was number thirty which charged a conspiracy to commit the offenses alleged in the other counts in violation of 18 U.S.C.A. § 88.

This appeal is grounded upon the somewhat unusual circumstances which came about in the following way. When first arraigned, the appellant pleaded not guilty to all the counts in the indictment. Some three years later, and when the trial was about to begin he, with his attorney, conferred with the district attorney in charge of the case. He then made clear his desire to cooperate with the government and it was agreed that he would ask leave of court to withdraw his plea of not guilty and enter a plea of guilty. It was understood then by the district attorney that the appellant did not admit his participation in all the offenses charged in the indictment and it was also understood that, though he would plead guilty to all counts, he would be sentenced only on those charging crimes in which he was involved. The trial judge was not consulted in respect to this arrangement and the court never sanctioned it, though it was made known to the judge as will presently appear, and we think there was substantial compliance with it in so far as sentence was imposed.

On August 5, 1941, the appellant did withdraw his plea of not guilty and pleaded guilty in open court to all the counts in the indictment. His attorney then stated that he had suggested to the district attorney " * * * that the indictment could not possibly comprehend my client in all its aspects; and so he has been kind enough to state that at the end of the Government's case, those counts which obviously do not apply will be eliminated as to him, although as a matter of substance, it won't make any real difference. But we just did not want it to appear that he was involved in all these counts." The trial judge then made this comment, "The Court in its own conscience naturally would analyze all of the evidence before imposing any sentence on any one. The Court would study, naturally, accurately and closely the degree of complicity." To which appellant's counsel replied, "Actually the man has pleaded guilty. There is no question about that. May he be continued on bail?" His bail was continued and the trial, which was a long one, resulted in the conviction of certain defendants. On December 16, 1941, when the government rested, appellant's attorney stated to the court that he wanted to " * * * preserve the rights of the defendant William Domroe, insofar as the understanding and contemplated motions to be made at the close of the Government's case reached at the time that his plea was entered, so that the record will now stand that his rights to make such motions to eliminate all counts not pertaining to him at the close of the Government's case will be extended with the same force and effect to the conclusion of the entire case as though such motions had now been made and such consents given

by the United States Attorney." The court treated this as a motion to withdraw the plea of guilty and, after renewing the assurance previously given that all the evidence would be analyzed before any sentence was imposed, continued, "I do not allow the withdrawal of the plea of guilty at this time." To that the appellant's attorney replied, "This is not an application to withdraw the plea, your Honor, but it is understood and it is agreed now that his name has not been mentioned in any connection whatsoever on the record, and it is also, I may state off the record, understood that with respect to all the counts, except as to the conspiracy count, he is not at all involved. * * *"

The motion was denied and when the appellant's attorney characterized it as one "to preserve the rights in accordance with the stipulation" the judge replied, "There is no stipulation that the court recognizes, from these very minutes. I will abide by the quotation by the Court. He has pleaded guilty on all counts and there is no understanding of that character. You cannot infiltrate this now with a mere withdrawal plea. I disallow it. However, I quoted what the Court said at the time, and you will live by that." On February 17, 1942, the matter was again called to the attention of the court by appellant's counsel and the judge then announced that, "In substance, the Court's position now is the same as it was at the time that you made the same motion at the end of the Government's case, and since in the quotation that you read from the actual record, where it is stated that in substance it really does not make any difference; I again adhere to that same thought, and will defer the final action as to whether any of the counts will be eliminated as of record in favor of the defendant; but the plea as originally filed which was unrestricted, is to remain in the record until further disposition."

On March 9, 1942, after appellant's motion "to discharge the defendant Domroe as to his plea of guilty with respect to each and every count concerning which he has not been connected by the evidence on the trial of this case," had been denied and an exception allowed, the appellant was sentenced to imprisonment for one year and a day and to pay a fine of one thousand dollars on the conspiracy count. Imposition of sentence on all the remaining counts was suspended and he was placed on probation for three years to begin after service of the imprisonment sentence subject to the standing probation order of the court.

Thereafter motions based upon the same grounds were made to set aside the judgment and require the government "to offer proof that evidence was produced at the trial which would tend to connect said defendant with any of the counts in the indictment" and generally in arrest of judgment. These were denied as was a later motion to set aside the judgment and permit the plea of guilty to be withdrawn and a plea of not guilty entered. This later motion was heard by another judge, the trial judge having returned to his home in Louisiana.

The issues presented are fortunately not often raised on appeal. Good administration requires that care should be taken to give no sound reason for raising them at all and there seems to be little reason for this appeal. This case is unlike Ward v. United States, 6 Cir., 116 F.2d 135, 136, in which the trial judge apparently understood at the time the plea of not guilty was withdrawn and the plea of guilty entered that the appellant was acting upon the assurance of the district attorney made "in good faith and after discussion with the trial judge" that his plea of guilty would not result in imprisonment though just what the sentence would be was not known. Here the trial judge made it abundantly clear from the first moment he had anything to do with the matter that the sentence would be what he decided it should be upon proper consideration of what was relevant to that subject. And when first made aware of that the appellant's counsel not only did not intimate that it was not in accord with his understanding of the arrangement with the district attorney but apparently agreed that it was with the comment that, "Actually the man has pleaded guilty. There is no question about that." His later efforts were directed more to an early decision as to what counts were to be "eliminated" than to anything else.

█ █ While, as we have seen, the plea of guilty left the judge free to impose whatever lawful sentence he might decide upon in the exercise of his judicial function; what he actually did should, for present purposes, be treated as substantially in accord with the appellant's contention that his plea of guilty included counts not in fact applicable to him. By imposing sentence only on the conspiracy count and suspending the imposi-

678

tion of sentence on all the others, the latter were pretty well "eliminated" as a practical matter and wholly "eliminated" from this appeal as a matter of law since the action as to them was not a final judgment from which an appeal will lie. United States v. Albers, 2 Cir., 115 F.2d 833. As to the sentence upon the conspiracy count, it is enough to notice that (1) the record does not show that the appellant was not a participant in the conspiracy as charged and (2) his plea of guilty, under the circumstances in which it was accepted by the court, was conclusive as to his guilt.

Appeal dismissed as to all counts but the one for conspiracy and judgment on that affirmed.